**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LIGHTHOUSE CONSULTING GROUP, LLC, | § § § | Case No. 6:19-CV-00605 |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| TIAA, FSB HOLDINGS, INC., | § § | |
| Defendant. | § § § | |

**TIAA FSB HOLDINGS, INC.'S OPPOSED MOTION TO STAY PROCEEDINGS
<u>PENDING COVERED BUSINESS METHOD REVIEW</u>**

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | FACTUAL BACKGROUND | 2 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 5 |
| | A. Factor 1: The CBM Petitions Cover All Claims of the Patents-in-Suit and Could Dispose of this Case Entirely, Which Strongly Favors a Stay. | 5 |
| | B. Factor 2: The Case Is in a Very Early Stage, Which Strongly Favors a Stay. | 7 |
| | C. Factor 3: Lighthouse Would Not be Unduly Prejudiced by a Stay | 8 |
| | D. Factor 4: A Stay Will Greatly Reduce the Litigation Burden, Which Strongly Weighs in Favor of a Stay. | 9 |

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Mktg. Sys., LLC v. CVS Pharm., Inc.*,
   No. 6:15-cv-134-JRG-KNM, 2016 U.S. Dist. LEXIS 77567 (E.D. Tex. June
   14, 2016) ...................................................................................................................8

*Blephex LLC v. Pain Point Med. Sys., Inc.*,
   No. 3:16-cv-0410, 2016 U.S. Dist. LEXIS 182544 (N.D. Tex. Nov. 3, 2016) .........................5

*Chart Trading Dev., LLC v. TradeStation Grp., Inc.*,
   No. 6:15-cv-1136, 2016 U.S. Dist. LEXIS 41764 (E.D. Tex. Mar. 29, 2016) ....4, 6, 7, 8, 9, 10

*CliniComp Int'l, Inc. v. Cerner Corp.*,
   No. 17cv2479-GPC, 2018 U.S. Dist. LEXIS 185878 (S.D. Cal. Oct. 30, 2018)...............5, 7, 8

*eWatch, Inc. v. ACTi Corp.*,
   No. SA-12-CA-695-FB, 2013 U.S. Dist. LEXIS 172928 (W.D. Tex. Aug. 9,
   2013) ......................................................................................................................................4, 8

*Fisher-Price, Inc. v. Dynacraft BSC, Inc.*,
   No. 17-cv-3745, 2017 U.S. Dist. LEXIS 184631 (N.D. Cal. Nov. 7, 2017) ...........................10

*Intertainer, Inc. v. Hulu, LLC*,
   No. CV 13-05499, 2014 U.S. Dist. LEXIS 17948 (C.D. Cal. Jan. 24, 2014) .........................5

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411, 2014 U.S. Dist. LEXIS 16487 (E.D. Tex. Jan. 24, 2014) .........................4, 9

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
   922 F. Supp. 2d 486 (D. Del. 2013) ..........................................................................................5

*Mirror Imaging LLC v. BOKF NA*,
   No. 2:17-cv-00507, ECF No. 72 (E.D. Tex. Nov. 27, 2017) ......................................................4

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
   No. H-18-1517, 2018 U.S. Dist. LEXIS 173400 (S.D. Tex. Oct. 9, 2018) .........................5, 8

*Oyster Optics, LLC v. Ciena Corp.*,
   No. 17-cv-05920, 2018 U.S. Dist. LEXIS 225498 (N.D. Cal. Jan. 29, 2018).........................5

*Protegrity Corp. v. Epicor Software Corp.*,
   67 F. Supp. 3d 555 (D. Conn. 2014)..........................................................................................5

*Smartflash LLC v. Apple, Inc.*,
   No. 6:13-cv-447-JRG, 2015 U.S. Dist. LEXIS 70259 (E.D. Tex. May 28,
   2015) .................................................................................................................................5

*T-Rex Prop. AB v. Adaptive Micro Sys., LLC*,
   No. 16 C 5667, 2017 U.S. Dist. LEXIS 10797 (N.D. Ill. Jan. 26, 2017) ..............................5, 7

*Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*,
   No. H-15-144, 2015 U.S. Dist. LEXIS 143855 (S.D. Tex. Oct. 22, 2015) ........................5, 6, 7

*Uniloc 2017 LLC v. LG Elecs. U.S.A.*,
   *No. 3:18-cv-3071-N, 2020 U.S. Dist. LEXIS 11065 (N.D. Tex. Jan. 23, 2020)*.................4, 6, 9

*Unisone Strategic IP, Inc. v. Tracelink, Inc.*,
   No. 3:13-cv-1743, 2019 U.S. Dist. LEXIS 216008 (S.D. Cal. Dec. 16, 2019) .........................5

*Versata Software, Inc. v. Volusion, Inc.*,
   No. A-12-CA-893-SS, 2013 U.S. Dist. LEXIS 182842 (W.D. Tex. 2013)......1, 3, 4, 6, 7, 9, 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)................................................................................2, 4, 5, 8, 9

## Federal Statutes

35 U.S.C. § 314(b) (2014) ...............................................................................................................3

35 U.S.C. § 324(c) (2014)................................................................................................................3

35 U.S.C. § 326(a)(11)......................................................................................................................3

## Regulations

37 C.F.R. § 42.300(c)........................................................................................................................3

77 Fed. Reg. 48757 (Aug. 14, 2012).................................................................................................3

Defendant, TIAA FSB Holdings, Inc. ("TIAA"), respectfully moves to stay this litigation brought by Plaintiff, Lighthouse Consulting Group, LLC ("Lighthouse"), pending the Patent Trial and Appeal Board's ("PTAB") decisions on whether to institute petitions for Covered Business Method ("CBM") review of U.S. Patent Nos. RE44,274 and 8,590,940 (collectively, the "Patents-in-Suit").  On February 14 and 21, Fidelity Information Services, LLC ("FIS") filed two CBM petitions challenging the validity of all claims of the Patents-in-Suit in CBM2020-00009 and CBM2020-00010.  The PTAB is expected to issue institution decisions by August 2020, and, if the CBM petitions are instituted—meaning that the claims of the Patents-in-Suit are "more likely than not" invalid—the PTAB is expected to issue final decisions not more than 12 months after institution.

In passing the AIA, Congress demonstrated a "clear preference in favor of stays" pending a CBM review.  *Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 U.S. Dist. LEXIS 182842, at *5 (W.D. Tex. 2013).  Courts must apply four statutory factors when deciding whether to grant a stay.  Here, all four factors weigh in favor of a stay, and a stay is warranted even prior to the PTAB's institution decision.  Numerous courts, including courts in this District, have granted pre-institution stays in similar circumstances.  First, a stay will simplify the issues because the CBM petitions challenge all claims of the Patents-in-Suit.  Second, this case is in its earliest stages—the Court has only entered a few administrative orders, and the *start* of fact discovery and a *Markman* hearing are more than six months away.  (*See* Sched. Order, ECF No. 18.)  Institution decisions will issue prior to the *Markman* hearing and final written decisions will issue prior to trial.  (*Id.*)  Third, a stay will not prejudice Lighthouse or present a clear tactical advantage for TIAA.  The parties are not competitors that compete for market share, nor does Lighthouse seek a preliminary injunction.  The Federal Circuit has been clear that a mere delay

in realizing damages does not constitute undue prejudice pending CBM review. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). And Lighthouse waited many years to assert these patents. The '274 Patent was issued on June 11, 2013, and the '940 Patent was issued on November 26, 2013. These facts all weigh against any finding that Lighthouse would be unduly prejudiced by a short stay. *See id.* at 1318-19. Finally, a stay will greatly reduce the burden of litigation on the parties and the Court. If FIS's CBM petitions are successful, the requested stay would not just reduce the burden of litigation on the parties and the Court—it would entirely eliminate it.

For these reasons, and in light of Congress's statutory mandate and clear intent favoring stays pending CBM review, TIAA respectfully requests that the Court stay this litigation.

## I.    FACTUAL BACKGROUND

Lighthouse filed its Complaint against TIAA on October 14, 2019 (ECF No. 1), to which TIAA answered on December 23, 2019 (ECF No. 11). The Court issued its Order Governing Proceedings on January 7, 2020, and held a Case Management Conference on February 7, 2020. (ECF Nos. 13 & 15.) Lighthouse served its Preliminary Infringement Contentions on January 30, 2020, after the Court-set deadline of January 29, 2020, and after multiple inquiries by TIAA. (*See* Order Governing Proceedings, ECF No. 13 at 5; *see also* E-mails from Kelly to Hansley & O'Finan, attached as Ex. A.)[1] The parties have not made discovery or claim construction exchanges. The *Markman* hearing will not occur until September 4, 2020, and trial will not occur until October 4, 2021, or later. (Sched. Order, ECF No. 18.)

FIS filed two petitions for CBM review on February 14 and 21, 2020, challenging the

---

[1] Lighthouse's Complaint alleges that TIAA's mobile banking application infringes claims requiring a physical "carrier" for securing checks while they are scanned. *See, e.g.*, Compl. 37, 39, ECF No. 1. Yet, during prosecution Lighthouse gave up that very subject matter, which it now seeks to recapture through the Doctrine of Equivalents.

validity of *all* claims of the Patents-in-Suit under 35 U.S.C. § 101.[2]  Lighthouse's preliminary responses are expected in May 2020, and the PTAB institution decisions are expected in August 2020, prior even to the *Markman* hearing date.[3]  *See* 35 U.S.C. §§ 314(b), 324(c) (2014).  If the CBM petitions are instituted, the PTAB will issue final decisions within one year of institution.  *See* 35 U.S.C. § 326(a)(11); 37 C.F.R. § 42.300(c); Office Patent Trial Practice Guide, 77 Fed. Reg. 48757, 48768 (Aug. 14, 2012).  In addition, Unified Patents, LLC filed an IPR petition against the '940 Patent on December 13, 2019 (IPR2020-00194).  That institution decision is expected in June 2020—just over three months from now.

There are 11 additional cases pending before this Court involving the Patents-in-Suit, and 17 other cases pending in the Eastern District of Texas and the District of New Jersey.  (*See* List of Lighthouse Cases, attached as Ex. D.)  These cases are also in their infancy.  No court has conducted a *Markman* hearing, nor has any court resolved any of those cases.

## II.   LEGAL STANDARD

The CBM Review program was created by Congress with the intention of being "a cheaper, faster alternative to district court litigation over the validity of business-method patents."  *Versata*, 2013 U.S. Dist. LEXIS 182842, at *3-4 (citations omitted).  Courts consider four factors in deciding whether to enter a stay pending a CBM review:

>   (A) whether a stay will simplify the issues and streamline the trial;
>   (B) whether discovery is complete and a trial date has been set;
>   (C) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>   (D) whether a stay will reduce the litigation burden on the parties and the court.

*Id*. at *5 (citing AIA § 18(b)(1)).  These factors are designed to place "a very heavy thumb on the

---

[2] Pet., Paper No. 1, CBM2020-00009 (PTAB Feb. 14, 2020), attached as Ex. B; Pet., Paper No. 1, CBM2020-00010 (PTAB Feb. 21, 2020), attached hereto as Ex. C.
[3] *See* Ex. B at 100 (dated February 14, 2020); Ex. C at 101 (dated February 21, 2020).

scale in favor of a stay being granted." *Id.*  "It is congressional intent that a stay [pending CBM review] should only be denied in extremely rare instances." *Id.*  To emphasize the primacy of the stay procedure, the AIA subjects any denial of a stay pending CBM review to an "immediate interlocutory appeal." *VirtualAgility*, 759 F.3d at 1309.

Although "the case for a stay is stronger after post-grant review has been instituted," a "motion to stay could be granted even before the PTAB rules on a post-grant review petition." *Id.* at 1316-17.  Stays pending CBM review have been granted by courts in this District, which have held that the "AIA represents a clear decision by Congress to increase the involvement of the PTAB in patent litigation, while simultaneously decreasing the involvement of the courts." *Versata*, 2013 U.S. Dist. LEXIS 182842, at *10; *see also eWatch, Inc. v. ACTi Corp.*, No. SA-12-CA-695-FB, 2013 U.S. Dist. LEXIS 172928 (W.D. Tex. Aug. 9, 2013) (granting pre-institution stay pending IPR).  Similar pre-institution stays have been granted in many other cases.  In *Landmark Tech., LLC v. iRobot Corp.*, for example, a stay was granted four months before the PTAB's CBM institution decision.  No. 6:13-cv-411, 2014 U.S. Dist. LEXIS 16487, at *11 (E.D. Tex. Jan. 24, 2014).  In that case, like this one, the timing of the review petitions vis-à-vis the state of the district court litigation weighed strongly in favor of a stay, the court had only held a scheduling conference and issued several routine and administrative orders, and the parties had yet to address discovery exchanges, claim construction, depositions, expert discovery, and case dispositive motions.  *See id.*; *Chart Trading Dev., LLC v. TradeStation Grp., Inc.*, No. 6:15-cv-1136, 2016 U.S. Dist. LEXIS 41764, at *14 (E.D. Tex. Mar. 29, 2016) (granting a pre-institution stay pending CBM review); *Mirror Imaging LLC v. BOKF NA*, No. 2:17-cv-00507, ECF No. 72 (E.D. Tex. Nov. 27, 2017) (same).[4]

---

[4]Other pre-institution examples include: *Uniloc 2017 LLC v. LG Elecs. U.S.A.*, No. 3:18-

**III.     ARGUMENT**

A stay in this case is warranted—even before an institution decision—because, among other things, the case is in the earliest stages, Lighthouse is a non-practicing entity that waited many years before bringing suit, and TIAA, the Court, and numerous parties from related cases will likely conserve substantial resources.

**A.     Factor 1: The CBM Petitions Cover All Claims of the Patents-in-Suit and Could Dispose of this Case Entirely, Which Strongly Favors a Stay.**

The first factor—whether the stay will simplify the issues in question and streamline the trial—is the "most important factor bearing on whether to grant a stay." *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-447-JRG, 2015 U.S. Dist. LEXIS 70259, at *68 (E.D. Tex. May 28, 2015). This factor weighs strongly in favor of the requested stay in this case.

If FIS's CBM petitions are instituted and result in the asserted claims being invalidated, this suit—and all others—will be dismissed. That would be "the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314. The likelihood of institution here is high because the Patents-in-Suit are precisely the type of CBM patents meant to be addressed by the AIA. They are directed to generating and transmitting document images that are organized using an identifier, which is an abstract idea that has been carried out both manually and through

---

cv-3071, 2020 U.S. Dist. LEXIS 11065 (N.D. Tex. Jan. 23, 2020); *Unisone Strategic IP, Inc. v. Tracelink, Inc.*, No. 3:13-cv-1743, 2019 U.S. Dist. LEXIS 216008 (S.D. Cal. Dec. 16, 2019); *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17cv2479-GPC, 2018 U.S. Dist. LEXIS 185878 (S.D. Cal. Oct. 30, 2018); *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. H-18-1517, 2018 U.S. Dist. LEXIS 173400 (S.D. Tex. Oct. 9, 2018); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920, 2018 U.S. Dist. LEXIS 225498 (N.D. Cal. Jan. 29, 2018); *T-Rex Prop. AB v. Adaptive Micro Sys., LLC,* No. 16 C 5667, 2017 U.S. Dist. LEXIS 10797 (N.D. Ill. Jan. 26, 2017); *Blephex LLC v. Pain Point Med. Sys., Inc.*, No. 3:16-cv-0410, 2016 U.S. Dist. LEXIS 182544 (N.D. Tex. Nov. 3, 2016); *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, No. H-15-144, 2015 U.S. Dist. LEXIS 143855 (S.D. Tex. Oct. 22, 2015); *Protegrity Corp. v. Epicor Software Corp.*, 67 F. Supp. 3d 555, 562-63 (D. Conn. 2014); *T-Rex Prop. AB v. Adaptive Micro Sys., LLC,* No. 16 C 5667, 2017 U.S. Dist. LEXIS 10797 (N.D. Ill. Jan. 26, 2017); *Intertainer, Inc. v. Hulu, LLC*, No. CV 13-05499, 2014 U.S. Dist. LEXIS 17948 (C.D. Cal. Jan. 24, 2014); *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013).

computer automation for years. (*See generally* Exs. B & C.) Where there is a high likelihood of institution, as here, "a stay is warranted." *Versata*, 2013 U.S. Dist. LEXIS 182842, at *6; *see also Transocean*, 2015 U.S. Dist. LEXIS 143855, at *11 (favoring a stay because of "high percentage of petitions that the PTAB decided to review").[5]

Even if only some of the asserted claims are invalidated, that simplifies this litigation, and it would be wasteful to now engage in litigation over patent claims that are likely to be altered or invalidated in the course of CBM review. *See Versata*, 2013 U.S. Dist. LEXIS 182842, at *6 ("[E]ven if only some claims are ultimately held invalid, the number of asserted claims in this case will necessarily decrease and the issues for trial will be simplified."). In fact, even if the PTAB ultimately declines to invalidate any claims, the Patent Office's potential claim construction analysis would still be beneficial to this court. *Uniloc 2017 LLC*, 2020 U.S. Dist. LEXIS 11065, at *7.

Further, "[r]egardless of the likelihood of institution," the requested "stay would streamline the issues in this case." *Chart Trading*, 2016 U.S. Dist. LEXIS 41764, at *12. This is because, "[i]f the petitions are granted and a final written decision as to the validity of the asserted claims is issued, the issues before this Court will be greatly streamlined and duplicative resources will not have been wasted." *Id.* at *13. This is especially true here because, among other reasons, if a stay is granted, TIAA agrees to be estopped on the 35 U.S.C. § 101 grounds raised in the CBM petitions to the same extent that the Leahy-Smith America Invents Act would apply to FIS. This ensures that there will necessarily be simplification of issues by not re-litigating 35 U.S.C. § 101 defenses before this Court. On the other hand, should the PTAB deny the petitions for CBM review, "the Court can appropriately lift the stay and resume litigation

---

[5] About 60-87% of PTAB petitions have been instituted from FY13 to FY19. (*See* USPTO's Trial Statistics, IPR, PGR, CBM, Sept. 2019, attached as Ex. E.)

with minimal delay." *Id*.

### B. Factor 2: The Case Is in a Very Early Stage, Which Strongly Favors a Stay.

The second factor—whether discovery is complete and whether a trial date has been set—strongly favors a stay because of the early stage of this case. Fact discovery has not even commenced, much less already completed (nor will it commence for over six months from now). (Sched. Order, ECF No. 18.) No substantive events have occurred except for Lighthouse's delayed service of its Preliminary Infringement Contentions. Just like in *Chart Trading*, "discovery has not yet begun, and the Court and parties have yet to address discovery exchanges, claim construction, depositions, expert discovery, and case dispositive motions." 2016 U.S. Dist. LEXIS 41764, at *14. The parties have thus "not yet incurred the substantial burdens associated with extensive discovery, claim construction, and other litigation tasks." *Transocean*, 2015 U.S. Dist. LEXIS 143855, at *12. While the Court has permitted early resolution of Rule 12 challenges to Lighthouse's infringement allegations, the motions are narrowly focused on a single claim term—the physical "carrier" required by all claims. (ECF No. 15.) The full brunt of claim construction, fact discovery, expert disclosures, and more are all months away.

In fact, the present case is at an earlier stage than many other cases where pre-institution stays were granted. *See, e.g., CliniComp Int'l*, 2018 U.S. Dist. LEXIS 185878, at *8 ("The IPR petition was filed 8.5 months after the complaint was filed."). Here, preliminary invalidity contentions are not required until May 8, 2020, initial disclosures are not required until September 11, 2020, and final contentions will not be due for about eight months—the latter two of which are after the expected institution decision dates (Sched. Order, ECF No. 18). *See T-Rex*, 2017 U.S. Dist. LEXIS 10797, at *8 (granting a stay where disclosures were served and final contentions were due in four months); *Versata*, 2013 U.S. Dist. LEXIS 182842, at *7-8 (granting a stay after parties "recently exchanged infringement, non-infringement, and invalidity

contentions"). "When, as here, there has been no material progress in the litigation, courts [] strongly favor granting stays." *CliniComp*, 2018 U.S. Dist. LEXIS 185878, at *5.

Staying a case at an early juncture—as in this case—"can advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Chart Trading*, 2016 U.S. Dist. LEXIS 41764, at *13. Here, there would be no need for the parties to develop, serve, and analyze Section 101, 102, 103, and 112 contentions, or to prepare, brief, and argue claim construction issues that may be mooted by the PTAB's decisions. Likewise, the Court would not need to expend time and resources on claim construction issues unnecessarily. Because the motion to stay was filed so early in the litigation, and the Court can lift the stay with minimal delay, this factor also weighs strongly in favor of granting a stay at least until the institution decisions. *Id.* at *4; *see also Neuro Cardiac*, 2018 U.S. Dist. LEXIS 173400, at *10.

### C. Factor 3: Lighthouse Would Not be Unduly Prejudiced by a Stay.

For the third factor, courts must determine whether there is *undue* prejudice to the patent owner, not just prejudice. *VirtualAgility*, 759 F.3d at 1318. While any patentee "has an interest in the timely enforcement of its patent rights, the compressed time frame allotted by Congress for CBM review greatly lessens any potential prejudice of a stay." *Advanced Mktg. Sys., LLC v. CVS Pharm., Inc.*, No. 6:15-cv-134-JRG-KNM, 2016 U.S. Dist. LEXIS 77567, at *7 (E.D. Tex. June 14, 2016). Here, any delay would be "minimal and at the earliest stages of the case, and is therefore not unduly prejudicial." *Chart Trading*, 2016 U.S. Dist. LEXIS 41764, at *16; *see also e-Watch*, 2013 U.S. Dist. LEXIS 172928, at *30.

Lighthouse, in particular, would not be prejudiced. It is a non-practicing entity, does not compete with TIAA, and has no risk of losing market share from any short delay arising from the requested stay. Lighthouse's decision not to seek a preliminary injunction demonstrates that

monetary damages could adequately compensate it if TIAA were held liable. *See Uniloc*, 2020 U.S. Dist. LEXIS 11065, at *5. Even if Lighthouse ultimately prevails in the infringement suit and recovers damages, it is not unduly prejudiced by a short delay in *realization* of those damages. *See VirtualAgility*, 759 F.3d at 1318. Lighthouse's own six-year delay in asserting the Patents-in-Suit belie any claim that it will be unduly prejudiced by a stay anyway.[6] *See id*. at 1320.

Moreover, a stay will also not create any tactical advantage for TIAA, which files this Motion immediately after the filing of FIS's CBM petitions and in the earliest stages of this case. *See Landmark*, 2014 U.S. Dist. LEXIS 16487, at *13 ("[F]iling of the motion to stay merely five months into the litigation does not appear to be dilatory"); *see also VirtualAgility*, 759 F.3d at 1319-20 (holding that a CBM filed four months from the date of the complaint, and filing of a motion to stay closely after the petition's filing, shows no dilatory motive). Under these circumstances there is no evidence that TIAA possessed a "dilatory motive." For these reasons, this factor also weighs strongly in favor of a stay.

### D.   Factor 4: A Stay Will Greatly Reduce the Litigation Burden, Which Strongly Weighs in Favor of a Stay.

The fourth statutory factor—whether a stay would reduce the litigation burden for the parties and the court—places "a very heavy thumb on the scale in favor of a stay being granted." *Versata*, 2013 U.S. Dist. LEXIS 182842, at *5; *see also Chart Trading*, 2016 U.S. Dist. LEXIS 41764, at *17-18. The parties have yet to litigate this case in any meaningful way. The brunt of this litigation lies ahead, and the parties have yet to embark on various tasks that will require enormous resources to be spent in the six months before a CBM institution decision is made. For example, exchanging claims terms and their proposed constructions, claim construction

---

[6] The '274 Patent was issued on June 11, 2013, and the '940 Patent was issued on November 26, 2013.

discovery, invalidity contentions, and the *Markman* hearing—which are all due around the expected August 2020 institution decision date—will require a significant expenditure of time and resources by the parties and the Court.  (*See* Sched. Order, ECF No. 18.)

The time and resources to be expended can be avoided with a temporary stay, which "will reduce the burden of litigation by allowing the parties' resources to be focused on the CBM review and avoiding the expenditure of resources on the copendency of this action during that time frame." *Chart Trading*, 2016 U.S. Dist. LEXIS 41764, at *18-19; *see also Versata*, 2013 U.S. Dist. LEXIS 182842, at *9 (even if some of the claims were to survive, the stay will still have "unquestionably reduce[d] the burden of litigation").  The potential for simplifying the scope of this and 11 other Lighthouse cases before this Court makes the requested stay especially appropriate "at least until the PTAB has determined whether to institute the" review. *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, No. 17-cv-3745, 2017 U.S. Dist. LEXIS 184631, at *1 (N.D. Cal. Nov. 7, 2017).  After the institution decision, the Court may then "reevaluate whether to lift the stay in whole or in part, or whether to keep the stay in whole or in part." *Chart Trading*, 2016 U.S. Dist. LEXIS 41763, at *19.  This factor thus heavily favors a stay.

For the foregoing reasons, TIAA respectfully requests that this Motion be granted.  If the Court declines to grant the stay, TIAA asks the Court to do so without prejudice to re-file a renewed motion to stay at the time the Patent Office issues institution decisions.

Counsel for the parties conferred in a good-faith attempt to resolve the matter by agreement but no agreement could be made.

Dated: March 4, 2020                                   Respectfully submitted,

                                                       By: */s/ Benjamin B. Kelly*

                                                       John G. Flaim
                                                       Texas Bar No. 00785864
                                                       john.flaim@bakermckenzie.com
                                                       Benjamin B. Kelly
                                                       Texas Bar No. 24055765
                                                       ben.kelly@bakermckenzie.com
                                                       D. Yoon Chae
                                                       Texas Bar No. 24085159
                                                       yoon.chae@bakermckenzie.com

                                                       BAKER & MCKENZIE LLP
                                                       1900 North Pearl Street, Suite 1500
                                                       Dallas, Texas 75201
                                                       Telephone: (214) 978-3000
                                                       Facsimile:  (214) 978-3099

                                                       **ATTORNEYS FOR DEFENDANT AND
                                                       COUNTER-PLAINTIFF
                                                       TIAA FSB HOLDINGS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for TIAA has complied with the meet and confer requirement set forth in Local Rule CV-7(i) by discussing this Motion with counsel for Lighthouse, Paul O'Finan, by telephone on February 28, 2020.  Counsel for the parties conferred in a good-faith attempt to resolve the matter by agreement but no agreement could be made.

                                                       */s/ Benjamin B. Kelly*
                                                       Benjamin B. Kelly

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's Electronic Case File (ECF) system.

                                                       */s/ Benjamin B. Kelly*
                                                       Benjamin B. Kelly