**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LIGHTHOUSE CONSULTING GROUP, LLC, | § § § | Case No. 6:19-CV-00605 |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| TIAA, FSB HOLDINGS, INC., | § § | |
| Defendant. | § § § | |

**TIAA FSB HOLDINGS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

Page

I.    PROCEDURAL POSTURE ............................................................................................... 1

II.    LEGAL STANDARD ....................................................................................................... 2

III.    USAA CAPITAL'S ARGUMENTS SHOULD ALSO RESULT IN ENTRY OF JUDGMENT IN TIAA'S FAVOR IN THIS CASE .......................................................... 3

    A.    Lighthouse's Infringement Allegations .................................................................. 3

    B.    Lighthouse's Admissions ........................................................................................ 4

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Doe v. MySpace, Inc.*,
 528 F.3d 413 (5th Cir. 2008) ...................................................................................................2

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
 344 F.3d 1359 (Fed. Cir. 2003) ................................................................................................4

*Great Plains Trust Co. v. Morgan Stanley Dean Witter*,
 313 F.3d 305 (5th Cir. 2002) ...................................................................................................2

*Hebert Abstract Co. v. Touchstone Props., Ltd.*,
 914 F.2d 74 (5th Cir. 1990) .....................................................................................................2

*Hughes v. Tobacco Inst., Inc.*,
 278 F.3d 417 (5th Cir. 2001) ...................................................................................................2

*St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*,
 937 F.2d 274 (5th Cir. 1991) ...................................................................................................2

**Rules**

Fed. R. Civ. P. 12(c) ........................................................................................................................2

Defendant, TIAA FSB Holdings, Inc. ("TIAA"), respectfully moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, TIAA seeks entry of judgment in its favor on all allegations of infringement of U.S. Patent Nos. 7,950,698, reissued as RE44,274 (the "'274 Patent") and 8,590,940 (the "'940 Patent") (collectively, the "Patents-in-Suit") made by Lighthouse Consulting Group, LLC ("Lighthouse").

Judgment should be entered in TIAA's favor in this case for the same reasons explained in USAA Capital Corporation's Motion to Dismiss filed in *Lighthouse Consulting Group, LLC v. USAA Capital Corporation*, No. 6:19-cv-00606 (ECF No. 12) ("Motion to Dismiss"). Lighthouse's infringement allegations in its separate complaints against USAA Capital Corporation ("USAA Capital") and TIAA are identical in all meaningful respects. Therefore, TIAA adopts in whole the arguments and authorities set forth in USAA Capital's Motion to Dismiss, rather than repeating them here.

In short, Lighthouse's case must fail at the pleadings stage because its Doctrine of Equivalents infringement allegations directed to TIAA's mobile banking application improperly seek to recover claim scope that Lighthouse unequivocally and repeatedly gave up during prosecution of the Patents-in-Suit. Lighthouse is therefore legally barred from its allegations of infringement as pleaded, which all depend on the Doctrine of Equivalents, as a matter of law.[1]

## I. PROCEDURAL POSTURE

Lighthouse filed its Complaint against TIAA on October 14, 2019. (ECF No. 1.) TIAA answered on December 23, 2019, denying infringement and asserting counterclaims of non-infringement and invalidity. (ECF No. 11.) Lighthouse answered those counterclaims on January 8, 2020. (ECF No. 14.)

---

[1] As an alternative form of relief, TIAA has also filed concurrently herewith a Motion to Stay Proceedings Pending Covered Business Method Review. (ECF No. 20.)

The Court issued an Order Governing Proceedings on January 7, 2020, and held a telephonic Rule 16 Case Management Conference on February 7, 2020, for all of the pending cases brought by Lighthouse in this District.  (ECF Nos. 13 & 15.)  At that Case Management Conference, the Court advised that it would resolve USAA Capital's Motion to Dismiss pending in Case No. 6:19-cv-00606.  (*See* Tr. of Scheduling Conf., ECF No. 16.)  The Court invited the other defendants to join USAA Capital's Motion to Dismiss if the issues raised by it were also dispositive in their cases.  (*Id.* at 15-16.)  The Court then set a hearing for late March or early April on that Motion to Dismiss to allow other defendants a brief opportunity to file similar motions.  *Id.*  USAA Capital's Motion to Dismiss has been fully briefed and is ripe for review.

## II.     LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990)).  The Court must decide whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (*citing St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir. 1991)).

### III. USAA CAPITAL'S ARGUMENTS SHOULD ALSO RESULT IN ENTRY OF JUDGMENT IN TIAA'S FAVOR IN THIS CASE

Lighthouse's Complaint against TIAA (ECF No. 1) makes allegations identical to the allegations Lighthouse makes against USAA Capital in Case No. 6:19-cv-00606, except the allegations of infringement in this case are directed to TIAA's mobile banking application, whereas the allegations of infringement in the case against USAA Capital are directed to USAA Capital's mobile banking application. Therefore, for the all of the same reasons set forth in USAA Capital's Motion to Dismiss and its Reply in Support of USAA Capital's Motion to Dismiss (Case No. 6:19-cv-00606, ECF No. 15), prosecution history estoppel applies to the asserted claims and bars Lighthouse's assertion of the Doctrine of Equivalents against TIAA. TIAA will not repeat the legal and factual arguments here, but, instead, adopts the arguments in whole made in USAA Capital's Motion to Dismiss.

#### A. Lighthouse's Infringement Allegations

In this case, Lighthouse alleges that TIAA infringes claims of the Patents-in-Suit. (Compl. ¶ 7, ECF No. 1.) Lighthouse alleges that TIAA infringes the '940 Patent through "Defendant's Mobile Checking Application" by meeting every limitation of independent claims 1 and 6. (*Id.* at ¶¶ 37, 43.) Those are the only independent claims of the '940 Patent. (*See* '940 Patent, ECF No. 1-1 at 20.) These claims require "a carrier" that is imaged "while the negotiable instruments are secured to the carrier." (*Id.* at 15:29-40, 16:15-28.) Claim 1 further specifies that the "carrier" has a "front and back side" (*id.* at 15:29-31), and claim 6 further specifies that the "carrier" has "a surface area for providing deposit information" (*id.* at 16:19-22).

Lighthouse makes similar allegations of infringement against TIAA's "Mobile Banking Application" for the '274 Patent. (Compl. ¶ 54, ECF No. 1.) The '274 Patent has only two independent claims—1 and 9. (*See* '274 Patent, ECF No. 1-2 at 19.) Each requires a "carrier"

3

that is "designed to permit a front image and a back image of the negotiable instrument" when the negotiable instrument is "secured to the carrier." (*Id.* at 15:29-31, 16:17-19.)

As is true of Lighthouse's allegations against USAA Capital, these unfounded infringement allegations depend entirely on the Doctrine of Equivalents because Lighthouse alleges in its Complaint that TIAA's mobile application "is the equivalent of the carrier." (Compl. ¶¶ 39, 56, ECF No. 1.) As discussed above, the "carrier" is required by every independent claim of the Patents-in-Suit.

### B.     Lighthouse's Admissions

As is also true of Lighthouse's Complaint against USAA Capital, Lighthouse's Complaint in this case admits facts demonstrating that the purported equivalent—a mobile banking application—cannot satisfy the "after-arising" exception to prosecution history estoppel. Specifically, Lighthouse's Complaint alleges that "starting in 2009 and 2010, RDC mobile apps began using smartphone cameras to capture check images, bypassing PCs and scanners entirely." (Compl. ¶ 22, ECF No. 1.) Lighthouse further admits in its Complaint that 2009 was the date of the "first RDC mobile app." (*Id.* ¶ 26(d).) Furthermore, according to Lighthouse's Complaint filed against USAA Capital, the New York Times publicly reported in August 2009 that USAA introduced mobile checking deposit functionality through use of its mobile banking application. (Compl. ¶ 34, No. 6-19-cv-00606-ADA, ECF No. 1.) Therefore, Lighthouse's own admissions establish that—by at least as early as 2009, which is earlier than the amendment at issue— mobile checking deposit functionality using mobile banking applications were not unforeseen. On this record, Lighthouse cannot meet its burden to show that, at the time of the amendment, one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003) ("[W]e hold here that the patentee should

4

bear the burden of showing that the amendment does not surrender the particular equivalent in question.").

TIAA therefore respectfully asks the Court to grant this Motion, dismiss with prejudice Lighthouse's allegations against TIAA, and enter judgment in TIAA's favor. The material facts are not in dispute and a judgment on the merits can and should be rendered by looking to the substance of the pleadings and the prosecution histories of the Patents-in-Suit. Even when taken in a light most favorable to Lighthouse, its Complaint does not state a valid claim for relief.

Dated: March 5, 2020                    Respectfully submitted,

                                        By: */s/ Benjamin B. Kelly*

                                        John G. Flaim
                                        Texas Bar No. 00785864
                                        john.flaim@bakermckenzie.com
                                        Benjamin B. Kelly
                                        Texas Bar No. 24055765
                                        ben.kelly@bakermckenzie.com
                                        D. Yoon Chae
                                        Texas Bar No. 24085159
                                        yoon.chae@bakermckenzie.com

                                        BAKER & MCKENZIE LLP
                                        1900 North Pearl Street, Suite 1500
                                        Dallas, Texas 75201
                                        Telephone: (214) 978-3000
                                        Facsimile:  (214) 978-3099

                                        **ATTORNEYS FOR DEFENDANT AND
                                        COUNTER-PLAINTIFF
                                        TIAA FSB HOLDINGS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March 2020, a true and correct copy of the foregoing document was served on all parties of record via the Court's Electronic Case File (ECF) system.

                                        */s/ Benjamin B. Kelly*
                                        Benjamin B. Kelly